GRACEY, JUDGE:
This is a wrongful death action which arises out of a truck accident which occurred on June 2, 1983. The wife of the deceased driver of the truck, Sandra McElhenie, alleges negligence on the part of the respondent for its failure to provide warning signs at the accident site.
The claimant and respondent, by their attorneys, entered into a stipulation wherein the parties agreed to the following facts. The date upon which this accident occurred was June 2, 1983. The location of the accident was the intersection of Routes 52 and 65 in Mingo County. Sandra McElhenie is personal representative of the Estate of Marvin Earl McElhenie. Marvin Earl McElhenie died as a result of the accident. On the date of the accident, there were no signs warning drivers to use lower gears on the downgrade at the scene. Route 52, approaching the State Route 65 intersection, is an 11 percent downgrade. The claimant does not allege a defect in roadway surface or design.
The decedent was operating a semi-tractor and trailer loaded with wooden planks. He was proceeding down Buffalo Mountain which approaches the intersection of U.S. Route 52 and State Route 65, Mingo County. He apparently lost control of the vehicle at some point on the hill. The tractor-trailer rig overturned at the intersection, and Marvin McElhenie died as a result of the accident.
Randy Stepp, a deputy sheriff, investigated this accident. He described the site of the accident as being a "T intersection." He stated that it is at the bottom of the mountain. He approximated the down grade to be a mile and a half from the crest of the hill. He further revealed that, from the evidence of his investigation, he discerned that the driver of the rig lost control at the foot of the hill.
Schela Sydnor, employed by respondent in the Personnel Division, District 2, took citizens' complaints concerning roads in the spring of 1983. She identified a complaint made by Abraham R. Evans concerning the high speed of the tractor trailers at the site of the accident in question in April, 1983. The complaint letter requested a sign indicating the grade of the hill. When queried, she stated that she reviewed the complaint records from 1980 through June 2, 1983. The complaint made by Mr. Evans is the sole complaint which she discovered for that time period.
Ken Kobetsky, Director of the Traffic Engineering Division of respondent, testified that there were warning signs for down grades on less than 11 percent of the roads in West Virginia. He further stated that he assumed it is probably true that there are warning signs for stretches of down grade that are less than 8,000 feet in length. Mr. Kobetsky stated that there were no signs indicating the down grade, but *144 there were signs that the decedent passed coming up the hill which indicated that there was a grade.
Floyd McElhenie, brother of the deceased and a certified licensed mechanic in Michigan, stated that he is familiar with the truck involved in this accident. He testified that repairs had been done on the truck before June 2, 1983. These repairs included replacing the rear brake lining and the maxi brake system. He examined the truck after the accident and determined that the brakes were functioning when the deceased proceeded down the hill. He also stated that there was a 15 mile- per-hour speed limit sign with a curve sign attached to it at the top of the mountain before the downgrade portion of the road begins.
The contention of the claimant that the respondent was negligent in failing to properly place grade signs indicating that the grade of Route 52 required special attention to braking is a contention without merit. It is the opinion of the Court that negligence on the part of the respondent has not been established. The principle of law that travelers travel at their own risk was enunciated by the Supreme Court of Appeals in Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947) . This Court has adhered to that principle consistently in former opinions. See Bickerstaff v. Dept. of Highways, 11 Ct.Cl. 254 (1977) and Ct.Cl. 254 (1977) and Cassel v. Dept. of Highways, 8 Ct.Cl. 254 (1971).
The record in this claim reveals that the decedent was unfamiliar with this section of highway in West Virginia. For reasons unknown to the Court, the decedent lost control of the tractor-trailer rig which he was operating on a down-grade of Route 52. To make an award to the claimant would require speculation on the part of the Court. This Court declines to resort to speculation in the determination of a claim.
For these reasons the Court is constrained to and does disallow the claim.
Claim disallowed.